**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION**

| | | |
|---|---|---|
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** **Plaintiff** | § § § § | |
| **VS.** | § | **C.A. NO. _______________** |
| | § | **JURY DEMANDED** |
| **JOHN M. PECK** **Defendant** | § § | |

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND**

Allstate Vehicle and Property Insurance Company files this Original Complaint for Declaratory Judgment against John M. Peck and shows as follows:

## I. PARTIES AND JURISDICTION

### A. Diversity of the Parties

**1.** Allstate Vehicle and Property Insurance Company is a company organized under the laws of the State of Illinois, and is authorized to write policies of insurance in the State of Texas. The citizenship of Allstate, as the insurer for the subject homeowner's policy, is determined by its state of incorporation and the location of its principal place of business. Allstate was incorporated in Illinois before 2022, when this action was commenced. Further, Allstate's principal place of business has been in Illinois on each and every day in 2022.

**2.** Defendant John M. Peck, a named insured on the insurance policy at issue in this lawsuit, is a resident of Newton County, Texas. The property which is the subject of this lawsuit is situated in Newton County, Texas.

**3.** Consequently, Allstate may file this action in this Court pursuant to 28 U.S.C. §1441 because complete diversity of citizenship exists.

**B. Amount in Controversy**

**4.** The value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**5.** The basis of this lawsuit is an insurance claim that Defendant John Peck submitted to Allstate for a fire loss that occurred at 317 PR 6013, Newton, Texas 75966 on or about March 7, 2020. Factual details related to the insurance claim are described below. On May 20, 2022, William S. Morian, Jr., the attorney who represented Defendant John Peck with regard to the insurance claim, sent a demand letter to Allstate demanding that Allstate Vehicle and Property Insurance Company accept John Peck's claim and pay him damages pursuant to the Policy for the total loss due to the Fire.[1] The demand letter further states that, if payment is not made by May 31, 2022 to Defendant John Peck, he will file suit against Allstate for the damages Defendant John Peck has accrued and for future damages. The Fire, which is the subject of this lawsuit, resulted in a total loss of the Dwelling, rendering the damages under the Policy as potentially a liquidated damage under the Policy. Accordingly, in the event that Defendant John Peck prevailed on his claims against Allstate, the "amount in controversy" is far in excess of $75,000.00, the requirement of 28 U.S.C. §1332(a). In addition, Defendant John Peck's demand letter contends he seeks full policy benefits as the property which is the subject of this suit

[1] Attached hereto as **Exhibit A** is a true and correct copy of the demand letter received from Mr. Peck's counsel.

sustained a total loss due to fire. The policy limits for the structure of the Property are $252,986.00.[2]

**6.** Should Allstate prevail on its denial of coverage against Mr. Peck, Allstate may potentially have liability on the Policy for claims which may be asserted by Shaunna Arnold (a/k/a Shaunna Peck). Mr. Peck filed for divorce from Ms. Arnold on September 19, 2019. The divorce proceedings resolved on March 11, 2020, and a final decree of divorce was entered on that date. Upon information and belief, Ms. Arnold was Mr. Peck's wife at the time of the purchase of the Property, was named on the title to the Property, and was a named insured on the Policy. Although the parties were divorced on March 11, 2020, on the date of the Fire, March 7, 2020, Ms. Arnold may have had a potential interest in the Property. In the event Mr. Peck's claim is determined to be invalid, Allstate may still have potential liability to Ms. Arnold if it is determined that she is an innocent spouse in connection with the Fire, in which case, Ms. Arnold's claim may amount to $126,493.00.

**7.** In addition, Defendant has received additional living expenses in the amount of $19,441.00, which payments Allstate seeks reimbursement. Allstate further has expended $67,212.55 in costs associated with investigating the insurance claim, which amounts Allstate seeks reimbursement.

**8.** Accordingly, the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00, the requirement of 28 U.S.C. §1332(a).

## II. VENUE

[2] Attached hereto as **Exhibit B** is a true and correct copy of the insurance Policy at issue in this lawsuit.

**9.** Venue is proper under 28 U.S.C. §1391(b)(1) and (2) since Defendant John Peck resides within this judicial district, all or a substantial part of the events giving rise to this controversy took place within this judicial district and the property that is the subject of this action is situated within this judicial district.

## III. DEFINITIONS

**10.** As used in this Complaint, the following terms have the following definitions:

**a.** "ALE" means the Additional Living Expense coverage available under the Policy.

**b.** "Allstate" means Allstate Vehicle and Property Insurance Company.

**c.** "Defendant John Peck" means John M. Peck a/k/a "Toby" Peck, an individual whose last known address was 317 PR 6013, Newton, Texas 75966.

**d.** "Shaunna Arnold" means Shaunna Arnold f/k/a Shaunna Peck, an individual whose last known residence was 317 PR 6013, Newton, Texas 75966.

**e.** "Dwelling" means the dwelling located at 317 PR 6013, Newton, Texas 75966.

**f.** "Fire" means the Fire loss that Defendant reported occurred on or about March 7, 2020 at the Dwelling.

**g.** "Insurance Claim" means the insurance claim Defendant John Peck submitted to Allstate under the Policy for the Fire.

**h.** "Named Insured" means John M. Peck and Shaunna Peck.

**i.** "Personal Property" means the Personal Property coverage available under the Policy.

**j.** "Policy" means the homeowners policy insuring the Dwelling, policy number 829438378, with effective dates of January 24, 2020 to January 24, 2021 issued by Allstate to John M. Peck and Shaunna Peck, subject to the terms, conditions, requirements and exclusions therein. A true and correct copy of the Policy is attached hereto as Exhibit B and incorporated herein by reference.

## IV. DECLARATORY JUDGMENT

**11.** Allstate brings this action under 28 U.S.C. '2201, seeking a declaration from the Court that: (a) the Policy is void as to Defendant; and (b) that Allstate has no liability to Defendant for the Fire, the Insurance Claim or under any statute or common law arising in any way out of the Policy or Allstate's handing of the Insurance Claim.

**12.** Allstate further requests that the Court declare that Allstate is entitled to recover all amounts owed to it by Defendant John Peck, including, but not necessarily limited to, the following:

**a.** $19,441.00, the amount Allstate paid under the Policy's ALE coverage; and

**b.** $67,212.55, the expenses Allstate had incurred at the time it rejected the Insurance Claim which were necessitated by Defendant John Peck's filing of the Insurance Claim.

## V. FACTUAL BACKGROUND

**13.** Defendant John Peck submitted the Insurance Claim to Allstate under the Policy for the Fire loss that he reported occurred on or about March 7, 2020 at the Dwelling. The Policy provided coverage for the Dwelling with limits of $252,986.00 for the structure, $177,091 for Unscheduled Personal Property and $25,299.00 for ALE.[3]

**14.** During Allstate's investigation and evaluation of the Insurance Claim, Allstate issued payments to or on behalf of Defendant John Peck in the amount of $19,441.00 which was paid under the Policy's ALE coverage.

[3] Attached hereto as Exhibit B and incorporated herein by reference is a true and correct copy of the Policy.

**15.** As reflected in the demand letter Defendant John Peck's attorney sent to Allstate, Defendant John Peck also sought coverage under the Policy for the following additional damages he claims he incurred as a result of the Fire which necessarily includes the following: (a) the replacement value of the Dwelling; (b) the value of the Personal Property that was destroyed in the Fire; and (c) ALE (less any living expenses that Allstate previously paid).[4]

**16.** However, Allstate's investigation revealed that the Fire was not accidental but was intentionally set by Defendant John Peck or at his direction. Moreover, during the course of Allstate's investigation of the Insurance Claim, Defendant John Peck intentionally concealed and misrepresented material facts and circumstances, made false statements, violated his oath during the course of his examination under oath and committed fraud relating to the Insurance Claim. Specifically, Defendant John Peck misrepresented the cause of the Fire and his knowledge and participation in causing the Fire among other material misrepresentations. Accordingly, on September 8, 2022, Allstate sent a rejection letter to Defendant John Peck's attorney notifying him of Allstate's decision to deny the Insurance Claim.[5]

**17.** Additionally, during Allstate's investigation of the Insurance Claim, Defendant John Peck delayed providing information requested prior to and during his examination under oath for more than six months after his examination under oath. In fact, Allstate received no communication from Defendant or his attorney for more than four-and-a-half months, despite multiple written requests for the same. Due to

---

[4] See Exhibit A, the May 20, 2022 demand letter Defendant's attorney sent to Allstate.

[5] Attached hereto as Exhibit C and incorporated herein by reference is a true and correct copy of the September 8, 2022 rejection letter Allstate sent to Defendant's attorney regarding the Claim.

Defendant's failure and refusal to provide certain documents in a timely manner, some of the documents and/or information was no longer available to Allstate during its investigation of the claim, resulting in prejudice to Allstate.

**18.** Moreover, during Allstate's investigation of the Insurance Claim, Shaunna Arnold (f/k/a Shaunna Peck) delayed providing information requested and failed and refused to provide her examination under oath. In fact, Allstate received no cooperation from Shaunna Arnold, despite multiple written requests for the same. Moreover, due to Shaunna Arnold's failure and refusal to provide certain documents and information, and failure and refusal to provide her examination under oath, Shaunna Arnold failed to cooperate with Allstate's investigation of the Claim.

## VI. ALLSTATE'S DEFENSES

### A. Arson and Illegality

**19.** Allstate is not liable under the Policy for the Insurance Claim based on the affirmative defense of arson. The Fire was not accidental. Defendant John Peck intentionally set the Fire and/or intentionally caused the Fire to be set.

**20.** The Insurance Claim is also barred due to illegality. Defendant John Peck's actions in knowingly and intentionally setting the Fire to the Dwelling, or having it set at his direction are against public policy. Allowing Defendant John Peck to recover insurance proceeds for the Fire and profit from an illegal act is against public Policy. Further, Allstate has no liability to Defendant John Peck for the Insurance Claim because the claimed loss was not fortuitous.

### B. Fraud

**21.** Defendant John Peck committed fraud relating to the Insurance Claim for the Fire. Defendant John Peck made material misrepresentations, including but not limited to representations that the Fire was either accidental or perpetrated by others not at his direction or with his participation, among others, which were: (a) false; (b) made with knowledge of their falsity and as positive assertions; and (c) made with the intention that they be acted upon by Allstate, as Defendant John Peck intended for Allstate to pay him money for the Insurance Claim based on his representations. Allstate acted in reliance upon those assertions by further investigating the Insurance Claim and Allstate suffered injury as a result.

**22.** Defendant John Peck's act of setting the Fire or causing the Fire to be set for his benefit, his misrepresentations as to his knowledge of how the Fire started and his misrepresentations and fraudulent concealment of information during the course of Allstate's investigation of the Insurance Claim induced Allstate to incur expenses and make payments that would not have otherwise been owed, and to conduct an investigation of the Insurance Claim that would not have been necessary had Defendant John Peck been truthful concerning his role in setting or causing the Fire. It has long been established that it is against public policy in Texas for an insured to benefit from his fraud.

**C. Violations of the Policy's Misrepresentation, Fraud or Concealment Provision**

**23.** The Misrepresentation, Fraud or Concealment provision of the Policy provides:

> **GENERAL**
> ***
> **Misrepresentation, Fraud or Concealment**

> **We** may void this policy if it was obtained by misrepresentation, fraud or concealment of material facts. If **we** determine that this policy is void, all premiums paid will be refunded to **you** since there has been no coverage under this policy.
>
> **We** do not provide coverage for any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance.

Defendant John Peck intentionally concealed and misrepresented material facts and circumstances, made false statements and committed fraud relating to his insurance claim.

**24.** Defendant John Peck's intentional misrepresentations and/or concealment of material facts regarding the Fire, including, but not limited to, his submission of a fraudulent claim for insurance proceeds and the intentional and material misrepresentations he made regarding his involvement in setting the Fire, violated the Misrepresentation, Fraud or Concealment provision of the Policy.

**25.** Defendant John Peck's intentional misrepresentations and concealment of information have resulted in no coverage under the Policy as to Defendant John Peck. Consequently, Defendant John Peck cannot recover on any claims arising under or out of the Policy.

## D. Intentional/Criminal Acts Excluded From Coverage

**26.** Further, the Policy excludes from coverage intentional and/or criminal acts of Defendant John Peck. The Policy provides as follows:

> **Losses We Do Not Cover Under Coverages A, B And C**
>
> ***
>
> D. Under **Dwelling Protection-Coverage A, Other Structures Protection-Coverage B** or **Personal Property Protection-**

**Coverage C** of this policy, **we** do not cover any loss consisting of or caused by one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

***

2. Intentional or criminal acts of or at the direction of any **insured person**, if the loss that occurs:

   a) may be reasonably expected to result from such acts; or

   b) is the intended result of such acts.

This exclusion will not apply to an innocent spouse or **insured person** who did not contribute to such loss or to the interest of an innocent spouse or **insured person** in the damaged property.

This exclusion applies regardless of whether the **insured person** is actually charged with, or convicted of, a crime.

**27.** Defendant John Peck's intentional and/or criminal acts are specifically excluded from coverage under the Policy as to Defendant John Peck. Consequently, Defendant John Peck cannot recover on any claims arising under or out of the Policy.

**E. Failure to Comply With Conditions Precedent to Recovery**

**28.** No payment under the Policy is due and Allstate has no liability to Defendant John Peck because he failed to satisfy the conditions precedent to coverage under the Policy. No payment under the Policy is due and Allstate has no liability to Shaunna Peck because she failed to satisfy the conditions precedent to coverage under the Policy. The Policy provides in pertinent part:

***

**SECTOPM I CONDITIONS**

***

2. **Insurable Interest And Our Liability**

In the event of a covered loss, we will not pay for more than an insured person's insurable interest in the property covered, nor more than the amount of coverage afforded by this policy.

***

3. **What You Must Do After A Loss.**
In the event of a loss to any property that may be covered by this policy, **you** must:

a) Promptly give **us** or **our** agent notice….

b) Protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

c) Separate damaged from undamaged personal property. Give **us** a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

d) Give **us** all accounting records, bills, invoices and other vouchers, or certified copies, which **we** may reasonably request to examine and permit **us** to make copies.

e) Produce receipts for any increased costs to maintain **your** standard of living while **you** reside elsewhere, and records supporting any claim for loss of rental income.

f) As often as **we** reasonably require:

1) Show **us** the damaged property. **We** have a right to reasonable and safe opportunities to view and inspect the loss as often as necessary, unimpeded by actions of **you** or others, including but not limited to, civil, governmental or military authorities, that prevent **us** from viewing and inspecting the loss. **We** may require **you** to accompany **us** when **we** conduct these activities.

2) At **our** request, submit to examinations under oath, separately and apart from any other person defined as **you** or **insured person** and sign a transcript of the same.

3) Produce representatives, employees, members of the **insured person's** household or others to the extent it is within the **insured person's** power to do so; and

g) Within 91 days after the loss, give **us** a signed, sworn proof of the loss. This statement must include the following information:

1) The date, time, location and cause of loss;

2) The interest **insured persons** and others have in the property, including any encumbrances;

3) The actual cash value and amount of loss for each item damaged, destroyed or stolen;

4) Any other insurance that may cover the loss;

5) Any changes in title, use, occupancy or possession of the property that have occurred during the policy period; and

6) At **our** request, the specifications of any damaged **building structure** or other structure.

**29.** Defendant John Peck violated his oath during the course of his examination under oath in violation of the Policy conditions. Further, Defendant John Peck's delay in providing requested information hindered Allstate's ability to investigate and evaluate the Insurance Claim.

**30.** Shaunna Arnold f/k/a Shaunna Peck wholly and completely failed to comply with any and all of her duties under the Policy. Ms. Arnold failed to appear for her examination under oath after agreeing to do so.

**F. Deductibles, Credits and Offsets**

**31.** In the unlikely event that it is determined that Allstate owes any amount on the Insurance Claim, Allstate is entitled to apply all deductibles set out in the Policy and is entitled to an offset or credit for all amounts previously paid to and/or on behalf of Defendant John Peck, which are described herein.

**G. Insurable Interest**

**32.** In the unlikely event that it is determined that Allstate owes any amount on the Insurance Claim, Defendant John Peck is only entitled to the amount of his insurable interest as defined in the Policy. The Policy provides that:

> **2. Insurable Interest And Our Liability**
> In the event of a covered loss, we will not pay for more than an insured person's insurable interest in the property covered, nor more than the amount of coverage afforded by this policy.

**33.** As noted above, Defendant John Peck and Shaunna Arnold (f/k/a Shaunna Peck) were married at the time of the Fire. In the unlikely event that it is determined that Allstate owes any amount on the Insurance Claim, Defendant John Peck would only be entitled to his proportional share, if any, in the insurance proceeds, if any.

**VII. ALLSTATE'S DAMAGES**

**34.** Defendant John Peck's actions in intentionally setting the Fire or causing the Fire to be set, his submission of a fraudulent claim for insurance proceeds and the intentional and material misrepresentations he made regarding his involvement in the Fire induced Allstate to incur expenses and make payments that would not have otherwise been owed. Allstate issued payments of $19,441 to and/or on behalf of Defendant John Peck under the Policy as good faith payments for the ALE portion of the Claim.

**35.** Further, Allstate conducted an investigation of the Insurance Claim that would not have been necessary had Defendant John Peck been truthful concerning his role in setting or causing the Fire. The expenses Allstate incurred through the date it rejected the Insurance Claim totaled $67,212.55.

**36.** Because the Insurance Claim is fraudulent, and, further, because the Claim is excluded from coverage as to Defendant John Peck, Allstate seeks recovery of all advances it paid to and/or on behalf of Defendant John Peck and the expenses it incurred as a result of Defendant John Peck's fraud plus accrued interest.

## VIII. TEXAS THEFT LIABILTY ACT

**37.** Allstate incorporates by reference the factual allegations contained in paragraphs 13 through 36 above.

**38.** Pleading in the alternative, Allsate sues Defendant John Peck under the cause of action set forth in Tex. Civ. Prac. & Rem. Code § 134.001, et seq. (2014), referred to as the Texas Theft Liability Act ("TLA").

a. Allstate is a party recognized under the TLA § 134.002(1);

b. Allstate owned Personal Property ("the Property") as defined by Texas Penal Code § 31.01(5) wrongfully taken by Defendant John Peck as defined in Texas Penal Code §31.03 follows:

   i. $19,441.00, the amount Allstate paid under the Policy's ALE coverage; and

   ii. $67,212.55, the expenses Allstate had incurred at the time it rejected the Insurance Claim which were necessitated by Defendant John Peck's filing of the Insurance Claim;

c. Defendant John Peck unlawfully appropriated the Property of Allstate without Allstate's effective consent;

d. Defendant John Peck wrongfully induced Allstate to issue the payments of the funds identified in i. above as defined in Texas Penal Code § 31.01.

e. Defendant John Peck intended to deprive Allstate of its Property through deception. Allstate requested Defendant to return the funds, which, to date, Defendant John Peck has failed to do;

f. Allstate suffered damages as a result of Defendant John Peck's misappropriation of its Property as set forth in i. and ii., above; and

g. Allstate would further show that pursuant to TLA § 134.003, Allstate is entitled to recover its reasonable and necessary attorney's fees and costs of court in connection with prosecuting its claim under Chapter 134 of the Texas Civ. Prac. & Rem. Code.

## IX. ATTORNEY'S FEES

**39.** Allstate further seeks recovery of its attorneys' fees and costs incurred in this lawsuit, by way of a its breach of contract claim pursuant to Chapter 38 of the TEX. CIV. PRAC. & REM. CODE.

**40.** As noted above, Allstate would further show that pursuant to TLA § 134.003, Allstate is entitled to recover its reasonable and necessary attorney's fees and costs of court in connection with prosecuting its claim under Chapter 134 of the TEX. CIV. PRAC. & REM. CODE.

## X. JURY DEMAND

**41.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Allstate requests a trial by jury.

## PRAYER

Allstate requests that the Court render a judgment declaring that: (1) the Claim is excluded from coverage as to Defendant John Peck; (2) Allstate has no liability to Defendant John Peck; (3) Allstate has no liability to Shaunna Arnold (f/k/a Shaunna Peck); (4) judgment be rendered against Defendant John Peck and Allstate recover all amounts owed to it by Defendant; (5) Allstate be awarded reasonable attorney's fees; and (6) Allstate be given such other relief as the Court may deem just.

Respectfully Submitted,

By: ______________________________

Rachel E. Wall
State Bar No. 24066254
Federal ID No. 1151949
Email: rwall@nck-law.com
Denise Purcell Leisten
State Bar No. 16394100
Federal ID No. 13254
Email: dleisten@nck-law.com
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
**Counsel for Plaintiff, Allstate Vehicle and Property Insurance Company**

**LOCAL COUNSEL:**

Clint Lewis
Lewis & Associates
Federal ID No.
8445 Gladys Avenue
Beaumont, Texas 77706
(409) 899-5600